RICHARD S. FREEMAN v. DAVID WEEKS ET AL.

*Damages for obstruction of ditch.*

Irregularities in the proceedings for laying out a public ditch cannot be relied on as a defence in a merely collateral action for obstructing it, if it was laid out by a commissioner and constructed by the parties or with their consent, even though the defects would have been fatal if seasonably objected to by proper persons.

If, by common consent, a ditch is dug as a neighborhood drain it ought to be governed by the rules that apply to other water-courses; and if parties concerned acquiesced, it is unimportant that they did not originally agree to the exact line of the ditch.

A trial court has a right, when adopting the language of the Supreme Court, to add such consistent explanations as may be proper to adapt it to the facts of the case under consideration.

If a person affected by the construction of a ditch did not consent to its being opened, or, if he did consent, but soon after claimed and exercised the right of building a rail fence in it, leaving space for the water to flow beneath, he is not liable for the obstructions of the ditch resulting subsequently from the settling of the fence.

Error to Macomb. Submitted Apr. 18. Decided Apr. 25.

CASE. Defendants bring error. Reversed.

*J. B. Eldredge* for appellants.

*Joseph Chubb* for appellees.

MARSTON, J. This action was brought to recover damages caused by the obstruction of a ditch. The case was once before in this court when it was said that the case should have been submitted to the jury. *Freeman v. Weeks* 45 Mich. 336.

Upon a re-trial evidence was given tending to show that an attempt had been made to lay out and open a statutory ditch; that defendant dug a part of the ditch on the line so laid out; that the plaintiff had dug another part, and had also dug a part, not on the line as laid out, but on the lands of defendant, and there was evidence tending to show that this was done without the knowledge or consent of the defendant. All this took place in 1871.

There was also evidence tending to show that the defendant in 1872, in fencing in his lands, found that this piece of the ditch so dug on his lands, was on the line of his proposed fence; that in building the fence, "and to avoid throwing out to the public an unnecessary amount of land, he built the fence in the ditch, laying the rails with the ends resting on the slope of the sides of the ditch on good blocks, leaving more space for the water to run through the ditch under

the bottom rails, than there was space in the ditch next west of the knoll." Evidence was also given tending to show that the water was shortly afterwards obstructed, caused by leaves and sticks accumulating under the rails, and it appears the ends of some of the rails settled into the soil somewhat, thus farther obstructing the flow of the water.

The record purports to contain the evidence, and it does not appear that the defendant did any other thing to obstruct the flow of the water. The plaintiff has removed this fence, but when does not clearly appear, but it seems to have been since the commencement of this suit in November, 1878.

If this ditch had been laid out by a commissioner, and constructed by the parties or with their knowledge and consent,—of which digging a part would be strong evidence,—mistakes or omissions, fatal to the legality thereof if seasonably and properly raised by proper parties, could not in a collateral proceeding be urged as a defence in an action brought for an obstruction or destruction of the ditch. In like manner, as was said on the previous hearing, "if by common consent the ditch was dug as a neighborhood drain, it ought to be governed by the same rules that apply to other water-courses, and it is an unimportant circumstance that the parties did not originally agree as to the exact line of the ditch if they acquiesced in what was done." This the court charged, but added: "Such being the language of the Supreme Court, this court has no right to enlarge, lessen or modify the rule laid down."

The trial court has an undoubted right, while adopting the language of this court in a given case, in order to adapt it to the facts of a case on trial, to make such explanation therewith as may be deemed proper and consistent.

If the defendant in this case acquiesced in the opening of this ditch to the fullest extent, and years thereafter willfully obstructed it, his liability might be clear. If however he did not consent to its being opened, or shortly after it was, claimed and exercised the right of laying a fence in or over the same, causing thereby an obstruction, it might be very

different. In such a case there would be but at most a limited consent and acquiescence. And if no new act was afterwards committed by him, but simply a passive continuance of such obstruction permitted, for such no action would lie, even although the natural sinking of the rails would cause a greater obstruction than at first existed.

As the case was not submitted to the jury in accordance with these views the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred